**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-1034**

———————————

KLUG BROTHERS, INC.,

        Plaintiff - Appellee,

    v.

A. FOLINO CONSTRUCTION, INC.,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:22-cv-00130-JPB-JPM)

———————————

Submitted:  October 23, 2025                Decided:  December 17, 2025

———————————

Before RICHARDSON and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Robert M. Palumbi, DINSMORE & SHOHL LLP, Morgantown, West Virginia, for Appellant.  Richard N. Beaver, III, Andrew R. Thalman, PHILLIPS, GARDILL, KAISER & ALTMEYER, PLLC, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Klug Brothers, Inc. ("Klug"), sued A. Folino Construction, Inc. ("Folino"), alleging that it provided Folino with asphalt and that Folino never paid for the asphalt. Folino raised a counterclaim for breach of contract, asserting that the provided asphalt did not meet the parties' agreed-upon specifications. The district court granted Klug's motion in limine and excluded witness testimony and other evidence related to Folino's testing of the asphalt. Thereafter, the district court granted Klug's motion for leave to file a renewed motion for summary judgment and granted summary judgment to Klug.

Folino now appeals the district court's orders granting Klug's motion in limine, granting Klug leave to file a renewed summary judgment motion, and granting summary judgment to Klug. On appeal, Folino does not argue that the court erred by excluding expert opinion evidence regarding the asphalt testing; instead, Folino argues that the court abused its discretion by excluding related lay witness testimony and evidence. Folino also argues that the court abused its discretion by granting Klug leave to file a renewed motion for summary judgment without affording Folino adequate time to respond. Finally, Folino contends that the court erred by granting summary judgment to Klug, particularly on its affirmative claim against Folino. We affirm.

We review a district court's decision to exclude evidence for abuse of discretion. *Moore v. Equitrans, L.P.*, 27 F.4th 211, 222 (4th Cir. 2022). We discern no abuse of discretion in the district court's ruling on Klug's motion in limine. Absent expert opinion evidence regarding the results of Folino's testing of the asphalt, the related lay evidence— which concerned the reliability of that testing—was irrelevant. *See* Fed. R. Evid. 401

2

(describing when evidence is relevant). Accordingly, the district court did not err by excluding that evidence.

Turning to the district court's ruling on Klug's renewed motion for summary judgment, we review de novo a district court's grant of summary judgment. In undertaking this review, we view "the facts in the light most favorable to" the nonmoving party and "draw[] all reasonable inferences in [the nonmovant's] favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [the nonmovant's] favor." *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022) (citation modified). Conversely, "when a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citation modified).

We have reviewed the record and conclude that the district court did not err by granting summary judgment to Klug on its affirmative claim and on Folino's counterclaim. With respect to Folino's counterclaim, the evidence does not support that the parties agreed Klug would provide asphalt that met certain specifications or that the alleged breach of the contract caused the damages Folino claimed. *See Sneberger v. Morrison*, 776 S.E.2d 156, 171 (W. Va. 2015) (stating elements of West Virginia breach of contract claim). Furthermore, because Folino admitted that it did not pay Klug for the provided asphalt and the counterclaim was its only defense to Klug's claim, we conclude that the district court

3

did not err by granting summary judgment to Klug on its affirmative claim.  Finally, in light of our conclusion that Klug was entitled to judgment as a matter of law, we discern no reversible error in the district court's grant of Klug's motion for leave to file the renewed summary judgment motion.  *See* Fed. R. Civ. P. 61 (instructing courts to disregard harmless errors); *Karp v. First Conn. Bancorp, Inc.*, 69 F.4th 223, 230 (4th Cir. 2023) (reviewing "district court's decision to expedite a summary-judgment decision under [Fed. R. Civ. P. 56(f)] for harmless error").

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4